*449 Opinion of the Court by
Judge Owsley.
Gunnell brought an action of detinue in the Christian circuit court, against William T. Major, Joseph Major, Thomas Major and Olive T. Major; the two latter, at the commencement of the action, residing in the county of Franklin; and the two former residing in the county of Christian.
Writs were directed to the sheriff of each county, and executed upon all the defendants in the county jn which they respectively reside. The defendants all appeared to the action and pleaded the general issue severally. The jury found both the defendants who reside in Christian not guilty, and returned a verdict in favor of Gunnell, against the two defendants who reside in Franklin.
The Franklin defendants then moved the court for a new trial; to the granting of which Gunnell consented; and the counsel for the defendants there upon asked leave of the court to withdraw their motion; but the court refused to permit them to do so, and awarded a new trial, and rendered judgment against the defendants for costs.
Motion by plaintiff for a new trial as to the defendants acquited, overruled.
Judgment dismissing the action.
Where, in an action ag’st. residents of different counties, all on whom process was served where suit was commenced are acquited, the court ought, ex officio, to dismiss the action — — Costs should not be adjudged against defendant in such case who unnecessarily moves for a new trial.
Crittenden for plaintiffs; Mayes for defendant.
Gunnell then moved the court for a new trial as to the Christian defendants, in favor of whom the jury had found a verdict; but his motion was overruled.
After this, upon the motion of the Franklin defendants, the court, in pursuance of the provisions of the act, of Assembly upon that subject, 1 Dig. L. K. 264, rendered judgment, dismissing the action as to them. But there was no entry made upon the record, setting aside the judgment for cost, which was awarded against the defendants upon granting the new trial.
To reverse that judgment for cost, this writ of error is prosecuted.
It was unquestionably wrong, after the jury had found for the Christian defendants, for the court to enter any judgment against the Franklin defendants, The action having been brought in the county of Christian, the court was imperatively bound, after the jury found a verdict in favor of the defendants residing in that county, not to enter judgment against the defendants residing in another county, and should, ex officio, have dismissed the action as to them, without subjecting them to cost. It was the duty of the court to do so without-setting aside the verdict of the jury against the Franklin defendants; and of course, when the new trial was awarded, those defendants ought not to have been subjected to the payment of cost, though the application to set aside the verdict was made, by them.
The judgment for cost must, therefore, be reversed with cost.